# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY VANDERBERG,<br><br>    Plaintiff,<br><br>vs.<br><br>PETCO ANIMAL SUPPLIES STORES, INC., d/b/a Pet Food Warehouse, d/b/a Petco,<br><br>    Defendant. | No. C16-4019-LTS<br><br>**ORDER** |

## I.  INTRODUCTION

Plaintiff Timothy Vanderberg (Vanderberg) has filed a motion (Doc. No. 36) for reconsideration of my order (Doc. No. 34) on defendant's motion (Doc. No. 31) for sanctions and motion (Doc. No. 25) for summary judgment. I granted both motions due to the combination of (1) Vanderberg's failure to timely designate expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2)(C) and (2) the necessity of expert opinion evidence to demonstrate a genuine issue of material fact as to the causation element of his claims. Defendant Petco Animal Supplies Stores, Inc. (Petco) has filed a resistance (Doc. No. 37) and Vanderberg has filed a reply (Doc. No. 38), with an attached medical causation opinion from Dr. Petsche.

## II.  DISCUSSION

Vanderberg asks me to reconsider my ruling on Petco's motion for sanctions and motion for summary judgment based on Petco's failure to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37(a)(1). He states that three weeks before the discovery deadline, he communicated to Petco's counsel that Dr. Petsche would testify regarding his treatment of plaintiff. He states Petco's counsel made no effort to meet and

confer to determine the scope of Dr. Petsche's testimony or schedule his deposition prior to the discovery deadline or prior to filing their motions for summary judgment and sanctions. He argues that Dr. Petsche's surgical reports and the IME doctor's reports (produced after the discovery deadline) establish causation and defendant should not be rewarded for engaging in "gotcha" litigation by failing to comply with rule requirements. Plaintiff has also provided a recent medical causation opinion from Dr. Petsche dated June 29, 2017, which states:

> Timothy Vanderberg is a patient of mine who has undergone treatment for multiple medical conditions brought on by a work injury. It is my medical opinion that both knees, both shoulders and the left elbow conditions were brought on by the work injury that occurred at Petco on 06/07/2015. These injuries occurred while working on an outside scissors lift that malfunctioned.

Doc. No. 38-1.

Petco argues that Vanderberg's arguments mirror those put forth in his resistance to the motion for sanctions and therefore, do not provide a basis for me to overturn my decision. It also argues that Federal Rule of Civil Procedure 37(a)(1) applies only to motions to compel discovery and that a party is not required to confer with opposing counsel when seeking to exclude evidence under Rule 37(c) for failure to comply with Rules 26(a) and 26(e). Moreover, Petco argues that sanctions under Rule 37(c) are "self-executing," such that exclusion of undisclosed information is "automatic" when a Rule 26(a) violation occurs. *See* Doc. No. 37 at 3 (citing *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) and *1st Source Bank v. First Resource Fed. Credit Union*, 167 F.R.D. 61, 64 (N.D. Ind. 1996)). Petco argues that Local Rule 37.1 is similarly applicable only to discovery motions (such as a motion to compel) and not motions to exclude evidence pursuant to Rule 37(c)(1) under the Federal Rules of Civil Procedure. Petco contends that even though it was not required to confer with Vanderberg's counsel, it did ask Vanderberg if he intended to disclose any expert witnesses. Vanderberg stated he did

not. It argues it was under no obligation to further advise Vanderberg's counsel regarding his expert disclosure obligations.

Vanderberg does not cite any authority concerning the procedural basis for his motion for reconsideration. Motions for reconsideration are typically addressed under Rule 59(e) or 60(b). Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Under Rule 60(b), I may provide relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)).

Vanderberg's motion does not point out any manifest error of law or fact or present newly discovered evidence. Indeed, the motion rehashes the arguments he made in resistance to Petco's motion for sanctions and, bizarrely, suggests that Petco was under an obligation to inform Vanderberg's counsel of the applicable expert disclosure

3

requirements. Hardly. Having been admitted to practice in this court, Vanderberg's counsel is expected to know and follow the Federal Rules of Civil Procedure and this court's local rules.

Further, I agree with Petco that any alleged failure on its part to comply with a "meet and confer" requirement is irrelevant in this situation. Indeed, the motion for sanctions was largely unnecessary. Once Vanderberg failed to disclose expert witness information on a timely basis, it was his obligation to obtain leave of court to excuse that failure by, among other things, demonstrating good cause. *See* Fed. R. Civ. P. 16(b)(4). He did not do so and his complaints against Petco amount to unwarranted blame-shifting. Vanderberg's failure to comply with a basic pretrial requirement is what doomed his case – not the motion for sanctions.

The recently-drafted medical causation opinion from Dr. Petsche is too little, too late. As detailed in my prior order, Vanderberg's deadline for disclosing expert witnesses expired on October 31, 2016, and discovery closed on February 17, 2017. *See* Doc. No. 34 at 3-4. It was only after Petco filed its motion for summary judgment on March 17, 2017, that Vanderberg disclosed his intent to rely on expert opinion evidence in support of his claims. I find no reason to conclude that Vanderberg's failure to disclose his expert opinion evidence in accordance with Rule 26(a)(2)(C) was substantially justified or that the sanction provided under Rule 37(c) was inappropriate.

### III. CONCLUSION

For the reasons stated herein, Vanderberg's motion (Doc. No. 36) for reconsideration is **denied**.

4

**IT IS SO ORDERED.**

**DATED** this 14th day of July, 2017.

_____
Leonard T. Strand, Chief Judge